# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

MAURICE T. DEWS                                                                                     PLAINTIFF
Reg. #45176-007

V.                                    No. 2:21-CV-00044-BSM-JTR

GENE BEASLEY, Warden
Federal Correctional Institute - Forrest City, *et al.*                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact

## I.  Introduction

Plaintiff Maurice T. Dews ("Dews"), a federal inmate, filed a *pro se* Bivens action alleging that Defendants violated his constitutional rights while he was incarcerated at the Federal Correctional Institution in Forest City, Arkansas ("FCI-

FC"). *Doc. 2*. Before Dews may proceed with this case, the Court must screen his claims.[1]

## II. Discussion

Dews alleges that on November 16, 2018, while he was working at FCI-FC's UNICOR facility, another inmate intentionally struck him across the face with a 2x4, causing serious injuries that required surgery. Dews's Complaint names Warden Gene Beasley, two unnamed Associate Wardens, and an unnamed Captain as Defendants and claims that they failed to protect him. *Doc. 2 at 2-7*. Dews's Complaint does not, however, make any specific factual or legal allegations against any of the Defendants.

On May 6, 2021, the Court informed Dews of this deficiency and allowed him thirty (30) days to file an Amended Complaint to "provide and include the following information: (1) *how* each Defendant *personally participated* in violating his constitutional rights, including dates, times, and places where those violations occurred; and (2) *what constitutional right* he believes each Defendant violated." *Doc. 4 at 3* (emphasis in original). Additionally, the Court reiterated, as previously explained in its Initial Order for Pro Se Prisoners (*Doc. 3*), that it was Dews's

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

2

responsibility to identify the unnamed Defendants, either by name or by sufficient identifying information. *Id.* Importantly, the Court cautioned Dews that if he elected not to file an Amended Complaint, the Court would proceed to screen his original Complaint and "*likely . . . conclude it should be dismissed, without prejudice, for failing to state a claim for relief.*" *Id.* (emphasis in original).

Dews did not file an Amended Complaint, nor did he provide any information to identify the unnamed Defendants. Thus, the Court is left to screen Dews's original Complaint. As previously stated, Dews's Complaint does not make any specific factual or legal allegations against any of the Defendants. Therefore, it lacks sufficient facts to state a viable § 1983 claim against any of the Defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Accordingly, Dews's claims against all Defendants should be dismissed, without prejudice.

IT IS THEREFORE RECOMMENDED THAT:

1. Dews's claims against all Defendants be DISMISSED, without prejudice.

2. The dismissal be counted as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in*

*forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

    4.    The Motion for Appointment of Counsel (*Doc. 5)* be denied, as moot.

Dated this 28th day of June, 2021.

*/s/ J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE